UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKOLAY SLOBODA,

Plaintiff,

v.

MICHAEL OBENLAND,

Defendant.

Case No. C20-1329-RJB-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Nikolay Sloboda has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has failed to adequately state a claim upon which relief may be granted in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff is currently confined at the Monroe Correctional Complex ("MCC") – Special Offenders Unit ("SOU"). On September 1, 2020, plaintiff presented to this Court for filing a

prisoner civil rights complaint in which he alleged that god and Michael Obenland, the MCC Superintendent, had violated his Eighth Amendment right to be free from cruel and unusual punishment. (Dkt. 5 at 4.) Plaintiff asserted that he had "been going through sexuall [sic] torture and other pains for around 7 years now," and that this was a recurrence of pain he experienced when he first came to prison in 2007. (*Id.*) Plaintiff stated that he was "getting tired of going through torture by god," and that he wanted the pain he experiences every day "to go away and stay away." (*Id.* at 4-5.)

Plaintiff made reference in his complaint to killing someone and to assaulting "evil dings and weirdos," and he suggested this was an attempt to make his pain go away, but apparently it didn't work. (*Id.* at 5.) Plaintiff asserted that he did not deserve the pain and should be immediately released from custody. (*Id.*) He claimed that the Department of Corrections ("DOC") might be able to help him but had chosen not to. (*Id.*) Plaintiff requested damages and indicated a desire for those who have caused him pain to go to prison and suffer as he has. (*Id.* at 9.)

Plaintiff submitted in conjunction with his civil rights complaint a series of complaints and grievances he presented to MCC staff raising essentially the same issues as are raised in this action. (Dkt. 5-1.) Those documents reveal that while interviewing plaintiff in relation to his institutional complaints, the mental health counselor assigned to investigate plaintiff's claims reminded him that his concerns were based on active mental health hallucinations and advised him that there was little the DOC could do to prevent this from happening other than follow plaintiff's treatment plan and meet with him regularly. (*See id.* at 7.) The grievance response advised plaintiff that though his claims could not be substantiated, his mental health team was aware of his concerns and was actively working to help him address them. (*Id.*) Plaintiff was encouraged to continue making use of his coping strategies, taking his medication, and meeting with his primary therapist and the

psychiatric provider so that his mental health needs could be met. (*Id.*)

After reviewing plaintiff's complaint, this Court concluded that plaintiff had not adequately alleged a cause of action against Mr. Obenland, the only defendant identified in plaintiff's pleading. Thus, on September 14, 2020, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. 6.) Among the deficiencies noted by the Court was that plaintiff failed to allege any facts demonstrating that Mr. Obenland personally participated in any violation of his federal constitutional rights as is required to state a claim for relief under § 1983. (*Id*. at 3-4.)

The Court went on to explain that it had construed plaintiff's Eighth Amendment claim as one alleging that the DOC had provided him inadequate care for his mental health needs. (*Id*. at 4.) The Court then set forth the standard applicable to such claims, including the requirement that plaintiff demonstrate defendant was deliberately indifferent to his health or safety. (*Id*.) The Court observed that the materials submitted by plaintiff in conjunction with his complaint appeared to undermine any claim that the DOC had been deliberately indifferent to his mental health needs as his materials suggested that the MCC-SOU mental health staff was, in fact, actively working with him to address his concerns. (*Id*. at 5.)

Plaintiff was advised that if he wished to proceed with his Eighth Amendment claim he would need to specifically identify the individuals whom he believed had deprived him of adequate care, and he would need to allege clear and specific facts demonstrating that each such individual had been deliberately indifferent to his mental health needs. (*Id*.) Plaintiff was also advised, with respect to his assertion that he believed he should be immediately released from confinement, that release from confinement was not a viable form of relief in an action brought under § 1983.

Plaintiff was given thirty days to file an amended complaint correcting the noted

deficiencies and was advised that if he failed to timely file an amended complaint, or to correct the deficiencies identified by the Court, the Court would recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. To date, plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state any viable claim for relief in his original complaint, and because he has not filed an amended complaint correcting the deficiencies identified by the Court, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a viable claim for relief under § 1983. This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

ready for consideration by the District Judge on **December 11, 2020**.

DATED this 16th day of November, 2020.

Mary Alice Theiler
United States Magistrate Judge